**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

**CLEON BROWN,**   Case No. 17-cv-00331
  Plaintiff   Hon. Janet T. Neff

v.

**CITY OF HASTINGS, et al**
  Defendants
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**SECOND RENEWED PRE-MOTION CONFERENCE REQUEST**

Defendants argue Counts I and II must fail as plaintiff's allegations do not demonstrate he is substantially limited in a major life activity. Defendants cite **Nelly v. Benchmark Family Services**, 640 F. App'x 429 (6th Cir. 2016) in support of their position. **Nelly** is distinguishable in that the plaintiff had not been diagnosed with a disease associated with sleep disturbances. In this case, plaintiff has been diagnosed with a disease (gastroesophageal reflux disease, "GERD" and Barrett's esophagus, which is a complication of GERD)(ECF No. 30, ¶¶ 80-81) and sleeping upright at home is the accommodation (Id. ¶¶ 82-83, 100, 115), not the alleged disability.

Defendants argue Count III must fail as the DNA test the plaintiff used is not within the "scope of protection intended by GINA". In the employment context, GINA has two prohibitive components: prohibition against discrimination based on genetic information (42 USCS §2000ff-1(a)) and prohibition against gathering of genetic information with respect to employees (42 USCS §2000ff-1(b)).

1

GINA prohibits employment discrimination based on genetic information. The statutory definition of "genetic information" includes "an individual's genetic tests". 42 USCS §2000ff(4)(A). A "genetic test" is defined as "an analysis of human DNA, RNA, chromosomes, proteins, or metabolites that detects genotypes, mutations, or chromosomal changes". 42 USCS §2000ff(7)(A). Genotype is the genetic makeup of a cell, the inherited map carried within one's genetic code. Genotype determines certain characteristics, such as the petal color in a pea plant. Observable outward characteristic determined by genotypes are called phenotypes.

In this case, Defendants demoted and discriminated against plaintiff because of genetic information uncovered as a result of a DNA analysis (Id. ¶¶127-128). One of the things Defendants apparently found especially funny is the fact that Plaintiff has the outward appearance of a Caucasion (phenotype) but the genetic mapping of someone who is 18-33% Sub-Saharan African (genotype). Even in their pre-motion conference requests, Defendants repeatedly argue: "Plaintiff has always held himself out to be white and defendants have always assumed him to be white" (ECF 33, p.2). Indeed, it is the assumption that was dispelled by DNA analysis that, in part, prompted Defendants' actionable conduct alleged in the pleadings. In other words, everything was fine at work until Defendants discovered Plaintiff was not "pure" white. Defendants are also liable under GINA for failing to train and implement policies and procedures to protect against GINA violations (Id. ¶129)

Defendants argue Counts IV and V must fail because plaintiff is not a member of a protected class. Title VII's prohibition of race-based discrimination protects white employees as well as minority employees. **McDonald v. Santa Fe Trail Transp. Co**., 427 U.S. 273 (1976). In this case, the plaintiff was targeted because his race/national origin is 82-67% European (i.e., "white") and 18-33% Sub-Saharan African (ECF 30, ¶ 3) and because he opposed practices and filed with the EEOC.

Defendants argue Count VI must fail because, other than the demotion, none of the allegations allege an adverse employment action. Demotion is an adverse employment action, so are suspensions without pay (Id. ¶ 77bb). Adverse actions include stripping a police officer's discretionary authority while on patrol, which also has happened to plaintiff. Finally, Plaintiff was suspended a third time, without cause and without due process. However, upon information and belief, the City's new City Mayor found out about the suspension and ordered Plaintiff returned to duty with full back pay and Defendant Pratt suspended for two weeks without pay.

Defendants argue Count VII must fail because they fail to make out a claim for extreme or outrageous conduct. In this case, it is a question of fact for the jury.

                Respectfully submitted,
                /s/ Karie H. Boylan
                **BOYLANLAW, P.C.**
                By:   Karie H. Boylan (P55468)
                410 W. University, Suite 201
                Rochester, Michigan 48307
                Phone:   (855) 926-9526
Dated: March 11, 2018      E-Mail:   karie@boylanlaw.net